## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., for itself and as successor to LASALLE BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PRO-ONSITE TECHNOLOGIES, LLC, n/k/a P&O TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | CASE NO. 1:10-CV-013<br><br>JUDGE SUSAN J. DLOTT<br><br>**RECEIVER'S FIRST AND FINAL REPORT FOR THE PERIOD JANUARY 13, 2010 THROUGH FEBRUARY 17, 2010**<br><br>Michael L. Ralph, Sr.<br>RALPH, SCHWAB & SCHIEVER, CHARTERED<br>175 E. Hawthorne Parkway, Suite 345<br>Vernon Hills, IL 60061<br>Phone: 847-367-9699<br>Facsimile: 847-367-9621<br>E-Mail: mralph@rss-chtd.com and –<br><br>David Schwab<br>RALPH, SCHWAB & SCHIEVER, CHARTERED<br>175 E. Hawthorne Parkway, Suite 345<br>Vernon Hills, IL 60061<br>Phone: 847-367-9699<br>Facsimile: 847-367-9621<br>E-Mail: djschwab@rrs-chtd.com<br><br>*Attorneys for Alex D. Moglia, Receiver* |

## RECEIVER'S FIRST AND FINAL REPORT FOR THE PERIOD OF
## JANUARY 13, 2010 THROUGH FEBRUARY 17, 2010

Alex D. Moglia, the Court appointed receiver (the "Receiver") for Pro-Onsite Technologies, LLC, n/k/a P&O Technologies, LLC, (an Ohio limited liability company), Pro-Onsite Technologies, LLC (a Georgia limited liability company) and POS Holdings, LLC

(collectively, the "Pro-Onsite Entities"), for his first and final report on the status of the receivership for the period of January 13, 2010 through February 10, 2010 (the "Final Report"), states as follows:

## A. The Appointment of the Receiver

1. On January 13, 2010, upon the motion of Bank of America, N.A. ("BofA"), this Court entered an order appointing Alex D. Moglia as the Receiver for the assets and property of the Pro-Onsite Entities (the "Receiver Order"). The Receiver commenced his duties as Receiver on January 13, 2010.

## B. Activities of the Receiver

2. Upon his appointment, the Receiver reviewed and analyzed records received from BofA, in particular, loan documents, credit write-ups and collateral records, and reviewed the verified complaint filed by BofA. The Receiver also reviewed BofA's Motion for Appointment of Receiver and the Order granting same. The Receiver also participated in telephone conferences with BofA lending officers and the bank's legal counsel, and then commenced his duties as Receiver. In addition, the Receiver's staff commenced lien searches and Internet-based investigations of possible addresses and locations of the assets of the Pro-Onsite Entities in Ohio and Georgia.

3. Immediately thereafter, the Receiver and his staff personally flew to Cincinnati and Atlanta and began a search for the premises and locations of the Pro-Onsite Entities. The search in Georgia covered the greater Atlanta area, primarily in and around Marietta. Multiple addresses were visited, however no traces of the Pro-Onsite Entities were found. The Receiver's staff continued its Internet search and discovered references to the possible sale or combination of the Pro-Onsite Entities with a business named Conexio several years ago.

4. Simultaneously, the Receiver was searching the Cincinnati area for offices or premises of the Pro-Onsite Entities. Two commercial locations were visited, as well as the home

address for Mr. Brunsman, the owner of the Pro-Onsite Entities. Upon further review of documents, another business address for Mr. Brunsman was identified, which the Receiver then visited.

5. The Receiver then found Mr. Brunsman at the offices of the Brunsman Group, met with him and apprised him and his counsel of the receivership and the need for action to resolve the issues that gave rise to the receivership. The Receiver, with the consent of BofA, engaged legal counsel, and thereafter the Receiver and his legal counsel performed further due diligence and participated in telephone conferences among the Receiver, his legal counsel, BofA and its legal counsel to discuss the Receiver's preliminary due diligence information and factual and legal issues raised by such due diligence information. Subsequent discussions and negotiations between BofA, the Receiver and Mr. Brunsman have resulted in BofA's request to terminate the receivership.

**C. Assets of the Receivership**

6. The Receiver has no assets or funds of the Pro-Onsite Entities in his possession at this time.

**D. Fees and Expenses of the Receivership**

7. The Receiver had received a retainer of $25,000 from BofA to fund his fees and expenses. The Receiver anticipates returning the unused portion of the retainer, if any, to BofA upon termination of the receivership.

**E. Discharge of the Receiver**

8. Based on the foregoing, and BofA's request, the receivership over the Pro-Onsite Entities should be terminated and the Receiver should be formally discharged from his duties.

WHEREFORE, the Receiver respectfully requests that the Court enter an order (a) approving the Receiver's Final Report as filed, (b) discharging the Receiver and (c) granting such other relief as the Court deems proper.

                                                Respectfully submitted,
Alex D. Moglia, not individually,
but solely as the Receiver of the
Pro-Onsite Entities

Dated: February 26, 2010                          By:   /s/ Alex D. Moglia
                                                                    Alex D. Moglia, Receiver

Alex D. Moglia
Moglia Advisors
1325 Remington Road, Suite H
Schaumburg, IL 60173
(847) 884-8282 direct
(847) 884-1188 facsimile